ATTORNEYS FOR PETITIONER:
**RANDAL J. KALTENMARK**
**ZIAADDIN MOLLABASHY**
BARNES & THORNBURG LLP
Indianapolis, IN

**JOHN H. DIES**
**JEREMY M. FINGERET**
**ROSALIND J. LEWIS**
**DAVID C. LORENTZ**
**JEFFERSON H. READ**
ZERBE MILLER FINGERET
FRANK & JADAV, P.C.
Houston, TX

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**REBECCA L. MCCLAIN**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

**SEAN P. BURKE**
**HAMISH S. COHEN**
**ELINAM B. KPOTUFE**
MATTINGLY BURKE COHEN &
BIEDERMAN LLP
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

FILED
Apr 18 2019, 1:20 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

TELL CITY BOATWORKS, INC.,          )
                                    )
          Petitioner,               )
                                    )
          v.                        )   Cause No. 18T-TA-00004
                                    )
INDIANA DEPARTMENT OF               )
STATE REVENUE,                      )
                                    )
          Respondent.               )

## ORDER ON PETITIONER'S MOTION TO STRIKE THE REPORT
## AND EXCLUDE THE TESTIMONY OF JOHN WILLIAM SULLIVAN

**FOR PUBLICATION**
**April 18, 2019**

WENTWORTH, J.

This matter concerns Tell City Boatworks, Inc.'s Motion to Strike the Report and

Exclude the Testimony of John William Sullivan. Upon review, the Court denies Tell City's

Motion.

## BACKGROUND

Tell City is a domestic corporation that designs and manufactures barges and other vessels. (See Jt. Stipulation of Facts ("Second Stip") ¶¶ 1-4, 10 (filed 1/11/2019).) In 2015, Tell City filed an amended Indiana income tax return, claiming its work on six projects entitled it to both a qualified research expense credit (the "QRE credit") and an income tax refund for 2010. (See Second Stip. ¶¶ 6, 29.) The Department subsequently determined that Tell City was not entitled to the QRE credit and denied Tell City's refund claim. (See Second Stip. ¶¶ 7-8.)

On January 16, 2018, Tell City timely initiated an original tax appeal, claiming that the Department's final determination was erroneous. During the course of the litigation, the Department retained Robson Forensic, Inc. to investigate "whether a process of experimentation would [have] be[en] necessary . . . in order for [Tell City] to complete" the six projects at issue. (See Pet'r Mem. Supp. Mot. Strike Report & Exclude Test. John William Sullivan ("Pet'r Br."), Ex. A at 1.) Thereafter, Robson Foresnic's employee, John William Sullivan, investigated the matter and prepared a report. (See Pet'r Br., Ex. A.) (See also Resp't Resp. Opp'n Pet'r Mot. Strike & Exclude Test. John William Sullivan ("Resp't Resp. Br."), Ex. 2.)

On January 24, 2019, Tell City moved to strike Sullivan's report and exclude his testimony. On February 18, 2019, after the matter was fully briefed, the Court took Tell City's Motion under advisement. Additional facts will be supplied when necessary.

## LAW AND ANALYSIS

In its Motion, Tell City claims that Sullivan's report and testimony are inadmissible for three interrelated reasons regarding their overall lack of relevancy and credibility. (See

2

generally Pet'r Mot. Strike Report & Exclude Test. John William Sullivan ("Pet'r Mot.").) In response, the Department maintains that Sullivan's report and testimony are admissible because Tell City's complaints simply go to the weight of the evidence, not its admissibility. (See generally Resp't Resp. Br.)

**1.**

Tell City first maintains that Sullivan's report and testimony are inadmissible because Sullivan's opinions "are exclusively based upon a defunct legal standard[:]" the Discovery Rule. (Pet'r Br. at 4-11.) Tell City explains that "[t]he 'Discovery Rule' is an antiquated idea whereby a company would have to exceed, expand or refine the common knowledge of science in a given area to show qualified research was performed." (Pet'r Br. at 6 (footnote omitted).) Tell City contends that because the parties have previously stipulated that another standard applies, Sullivan's report and testimony are not relevant, misleading, and potentially prejudicial. (See Pet'r Br., Ex. C.)

The parties arguments on the merits indicate that one of the issues before the Court involves whether Tell City's activities constitute "elements of a process of experimentation" for purposes of IRC § 41 and the related Treasury Regulations.[1] (See, e.g., Pet'r Br. at 8-11; Resp't Resp. Br. at 4-9.) The resolution of that issue will depend on several factors. See, e.g., Treas. Reg. § 1.41-4(a)(3)(i) (2019) (implicating, for example, questions of whether Tell City's activities were "undertaken for the purpose of discovering information that is technological in nature[,]" or were "intended to eliminate uncertainty concerning the development or improvement of a business component"

---

[1] Indiana incorporates certain provisions of the Internal Revenue Code and related Treasury Regulations for purposes of determining whether a taxpayer qualifies for the QRE credit. See, e.g., IND. CODE § 6-3.1-4-1 (2019).

3

(emphasis added)).

The Treasury Regulations expressly provide, however, that a taxpayer does not need to show that it sought to obtain information that exceeded, expanded, or refined the common knowledge of science in the relevant field to meet the "uncertainty" requirement. See Treas. Reg. § 1.41-4(a)(3)(ii). Nonetheless, evidence of that type is not automatically irrelevant, misleading, or potentially prejudicial that would make it inadmissible. Indeed, other courts have considered similar evidence in determining whether a taxpayer's activities were undertaken for the purpose of discovering technological information. Compare generally, e.g., Suder v. Comm'r, 108 T.C.M. (CCH) 354 (T.C. 2014) with Trinity Indus. Inc. v. United States, 757 F.3d 400 (5th Cir. 2014). The Court therefore finds that Tell City has not shown that Sullivan's report and testimony are inadmissible on this basis.

**2.**

Next, Tell City maintains that Sullivan's "testimony regarding [its] compliance with inaccurate legal standards" is inadmissible because it makes legal conclusions that "'invade[] the province of the court to determine the applicable law[.]'" (See Pet'r Br. at 11-12; Pet'r Reply [Resp't Resp. Br.] ("Pet'r Reply Br.") at 5-6.) Indiana Evidence Rule 704 generally allows opinions to embrace ultimate issues to be decided by the trier of fact, but prohibits opinions as to legal conclusions. See Ind. Evidence Rule 704. Sullivan's report and testimony are based on his experience and expertise in the maritime industry and appear to provide opinions regarding Tell City's activities in relation to the standards of practice in that field, not legal conclusions. (See Pet'r Br., Ex. A; Resp't Resp. Br., Ex. 2.) Therefore, Tell City has not established that Sullivan's testimony is inadmissible on this basis.

4

**3.**

Finally, Tell City claims that Rule 702 of the Federal Rules of Evidence precludes the admission of Sullivan's report and testimony because: 1) Sullivan lacks sufficient facts, knowledge, background, or data "to discuss the technical aspects of the design and construction of ships and barges[;]" 2) Sullivan's opinions are not the product of reliable principles or methods; and 3) Sullivan failed to apply the principles and methods reliably to the facts of the case. (See Pet'r Mot. at 2; Pet'r Br. at 12-25; Pet'r Reply Br. at 6-8.) The federal rules of evidence, however, do not govern the resolution of this issue because this case involves Indiana's laws, and thus, Indiana's rules of evidence . See, e.g., Malinski v. State, 794 N.E.2d 1071, 1084 (Ind. 2003) (explaining that the federal rules of evidence and federal case law may be helpful in analyzing Indiana Rule of Evidence 702(b), but they are not binding on state evidentiary law matters).

Indiana Rule of Evidence 702 provides:

> (a) A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.
>
> (b) Expert scientific testimony is admissible only if the court is satisfied that the expert testimony rests upon reliable scientific principles.

Ind. Evidence Rule 702. This Rule, among others, governs the admission of two types of expert evidence: 1) scientifically-based evidence; or 2) non-scientific evidence based on an expert's specialized knowledge and experience. See Malinski, 794 N.E.2d at 1084-86. When expert evidence is based upon the expert's skill or experience instead of the application of scientific principles, the proponent of the evidence "must only demonstrate

5

that the subject matter is related to some field beyond the knowledge of lay persons and that the witness possesses sufficient skill, knowledge or experience in the field to assist the trier of fact to understand the evidence or to determine a fact in issue." Norfolk S. Ry. Co. v. Estate of Wagers, 833 N.E.2d 93, 102 (Ind. Ct. App. 2005) (citation omitted), trans. denied.

Sullivan has a Bachelor of Science in Marine Engineering, he is a Licensed Chief Engineer and a Certified Marine Surveyor, and he has worked within the Maritime Industry for over 30-years in a variety of capacities. (See Resp't Br., Ex. 1 at 5.) For instance, Sullivan's curriculum vitae indicates that he has many years of experience in shipyards worldwide as a "senior level manager on new builds from the design phase through delivery, commissioning, and operations[.]" (Resp't Br., Ex. 1 at 4.) Moreover, his report indicates that his opinions were based on his review of a variety of materials concerning Tell City and the six projects at issue. (See generally Pet'r Br., Ex. A; Resp't Resp. Br., Ex. 2.) Sullivan's knowledge, skill, experience, and training regarding designing and building vessels exceeds that of lay persons, and thus, the Court finds it to be reasonable that his report and testimony will assist the Court in understanding the evidence. Consequently, Tell City has not shown Sullivan's report should be stricken or his testimony excluded pursuant to Indiana Evidence Rule 702.

## CONCLUSION

For the foregoing reasons, Tell City's Motion to Strike the Report and Exclude the Testimony of John William Sullivan is DENIED.

SO ORDERED this 18th day of April 2019.

Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution:
Randal J. Kaltenmark, John H. Dies, Jeremy M. Fingeret, Rosalind J. Lewis, David C. Lorentz, Ziaaddin Mollabashy, Jefferson H. Read, Rebecca L. McClain, Sean P. Burke, Hamish S. Cohen, Elinam B. Kpotufe